IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 07 2020
JAMES W. McCORMACK, CLERK
By: _____ DEP-CLERK

**TONY BROOKS, Individually and on Behalf of All Others Similarly Situated**                                                               PLAINTIFF

vs.                                        No. 4:20-cv-913-BRW

**HAMILTON POINT PROPERTY MANAGEMENT, LLC, and HAMILTON POINT INVESTMENTS, LLC**                                                  DEFENDANT

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Tony Brooks ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Thomas Odom and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Hamilton Point Property Management, LLC, and Hamilton Point Investments, LLC (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1.   This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant employed Plaintiff at its facilities located within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Pulaski County.

7. Separate Defendant Hamilton Point Investments, LLC ("Hamilton Point Investments") is a Delaware limited liability company.

8. Hamilton Point Investments' registered agent for service is Universal Registered Agents, Inc., at 12 Timber Creek Lane, Newark, Delaware, 19711.

9. Separate Defendant Hamilton Point Property Management, LLC ("Hamilton Point Property"), is a foreign limited liability company.

10. Hamilton Point Property is wholly-owned by Hamilton Point Investments and provides property management services to Hamilton Point Investments' apartment properties.

11. Hamilton Point Property's registered agent for service is CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

12. Hamilton Point Property maintains a website at http://hamiltonptinv.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

15. Upon information and belief, the revenue generated from Hamilton Point Property and Hamilton Point Investments was merged and managed in a unified manner.

16. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

17. Hamilton Point Investments' website includes an application portal for jobs at properties managed by Hamilton Point Property.

18. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

20. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. Defendant is a property management company.

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendant employed Plaintiff as an hourly-paid Maintenance Technician from February of 2019 to the present.

24. Defendant also employed other hourly-paid Maintenance Technician within the there years preceding the filing of this lawsuit.

25. As a Maintenance Technician, Plaintiff was primarily responsible for getting apartments ready for new move-ins, a process which included cleaning the apartment and making repairs. Plaintiff also occasionally responded to emergency maintenance calls.

26. Other Maintenance Technicians had similar duties as Plaintiff.

27. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

28. Defendant also classified other Maintenance Technicians as non-exempt from the overtime requirements of the FLSA and the AMWA.

29. At all relevant times herein, Defendant directly hired Maintenance Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. Plaintiff and other Maintenance Technicians regularly worked hours for which they were not paid. Specifically, when Maintenance Technicians worked over forty hours in a week, Defendant purported to pay them "comp time" rather than overtime wages. However, the "comp time" was paid out at a one-to-one ratio, and Maintenance Technicians were sometimes required to use "comp time" to cover weekend shifts—shifts which would have constituted overtime work anyway.

31. Because Plaintiff and other Maintenance Technicians worked hours which went uncompensated, Defendant failed to pay Plaintiff and other Maintenance Technicians a lawful overtime premium for all hours worked over forty each week.

32. Defendant knew or should have known that Plaintiff and other Maintenance Technicians were working hours off-the-clock for which they were not compensated.

33. Plaintiff regularly received bonuses based on nondiscretionary criteria such as when the leasing office met certain, objective requirements.

34. Upon information and belief, other Maintenance Technicians also received these bonuses.

35. In addition to his regular pay, Plaintiff received a twenty percent (20%) monthly rent credit.

36. Upon information and belief, other Maintenance Technicians also received a monthly rent credit.

37. During weeks in which Plaintiff and other Maintenance Technicians worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant failed to include the value of the bonuses and the rent credit that Defendant provided to Plaintiff and other Maintenance Technicians when calculating their overtime rate.

38. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses and rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

39. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as bonuses and rent credit, in the regular rate when calculating Plaintiff's and other Maintenance Technicians' overtime pay.

40. Upon information and belief, Defendant's bonus and rent credit policy was the same at all of its locations.

41. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

45. Plaintiff proposes the following class under the FLSA:

**All Maintenance Technicians within the past three years.**

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid hourly;

B. They had substantially similar job duties and responsibilities;

C. They were subject to Defendant's common policy of purporting to pay "comp time" instead of overtime wages;

D. They were eligible for and received nondiscretionary bonuses; and

E. They received a monthly rent credit.

49. Plaintiff is unable to state the exact number of the class but believes that the class exceeds fifty (50) persons.

50. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

58.     Defendant failed to pay Plaintiff for all hours worked, including one and one-half times his regular rate for all hours worked in excess of forty hours per week.

59.     Defendant knew or should have known that its actions violated the FLSA.

60.     Defendant's conduct and practices, as described above, were willful.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68.   Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

69.   Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

70.   Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

71.   Defendant knew or should have known that its actions violated the FLSA.

72.   Defendant's conduct and practices, as described above, were willful.

73.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

74.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

78. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

81. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

82. Defendant knew or should have known that its practices violated the AMWA.

83. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tony Brooks, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.   An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TONY BROOKS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_/s/ Thomas Odom_
Thomas Odom
Ark. Bar No. 2017132
thomas@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONY BROOKS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:20-cv-*913-BRW*

**HAMILTON POINT PROPERTY**     **DEFENDANT**
**MANAGEMENT, LLC, and HAMILTON**
**POINT INVESTMENTS, LLC**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly Maintenance Technician for Hamilton Point Property Management, LLC, and Hamilton Point Investments, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*[signature]*
**TONY BROOKS**
August 7, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**