IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **TONY BROOKS, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 4:20-cv-913-BRW | |
| **HAMILTON POINT PROPERTY MANAGEMENT, LLC, and HAMILTON POINT INVESTMENTS, LLC** | | **DEFENDANTS** |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiff Tony Brooks and Defendants Hamilton Point Property Management, LLC, and Hamilton Point Investments, LLC, by and through their respective undersigned counsel, submit the following Joint Motion for Approval of Settlement and to Dismiss with Prejudice:

1.  Plaintiff filed suit against Defendants asserting individual and putative collective action claims for violation of the Fair Labor Standards Act ("FLSA") and individual claims for violation of the Arkansas Minimum Wage Act ("AMWA"), arising out of alleged underpayment of certain overtime wages. *See* ECF No. 1. Specifically, Plaintiff alleged that Defendants failed to pay him for all hours worked, and that bonuses and rent credits were left out of his overtime premium calculation. *See id.* Defendants deny the allegations in the Complaint and assert that Plaintiff was at all times properly paid for all hours worked. *See* ECF No. 6.

2.  The Parties exchanged formal discovery focused on the allegations in the Complaint. This discovery included Plaintiff's personnel file; listing job duties and

Page 1 of 5
Tony Brooks, et al. v. Hamilton Point Property Management, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-913-BRW
Joint Motion for Approval of Settlement and to Dismiss with Prejudice

expectations; Plaintiff's time records and payroll data; other evidence of hours worked including completed after-hours call sheets; and Defendants' deposition of Plaintiff.

3. The Parties have reached an agreement to settle Plaintiff's claims subject to this Court's approval of the Settlement Agreement and Release of Claims ("Agreement"), attached as Exhibit 1 to this Joint Motion.

4. To ensure the Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, however, other courts employ a two-step process to scrutinize such settlements for fairness:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

5. To determine the value of Plaintiff's claims for purposes of settlement negotiations, Plaintiff's counsel compiled a spreadsheet which sets forth Plaintiff's best-

Page 2 of 5
Tony Brooks, et al. v. Hamilton Point Property Management, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-913-BRW
Joint Motion for Approval of Settlement and to Dismiss with Prejudice

case scenario damages. A copy of the spreadsheet is attached as Exhibit 2. This spreadsheet takes into account Plaintiff's bi-weekly recorded hours; his hourly rate as recorded in Defendant's payroll system; any rent credits or commissions received; and the amount of time Plaintiff estimated he worked "off-the-clock" per pay period.

6. Using the above data, Plaintiff's counsel was able to determine: 1. Plaintiff's claimed regular rate damages, calculated by taking the difference between Plaintiff's hourly rate and the rate at which he would have been compensated had rent credits and commissions been included, multiplied by any overtime hours; and, 2. Plaintiff's alleged off-the-clock damages, calculated by multiplying his claimed off-the-clock work by his overtime rate.

7. Under the terms of the Parties' settlement, Plaintiff is receiving 100% of his best-case scenario lost wage damages, as well as an additional 10% in liquidated damages. The Parties' compromise is reasonable due to a number of factors. First, the large majority of Plaintiff's damages flow from an estimate of hours worked as opposed to specific records. It is Defendants' position that Plaintiff was properly paid for all hours worked and that Plaintiff had no hours worked off-the-clock.

8. Second, Defendants anticipated bringing evidence that they attempted in good faith to comply with the requirements of the FLSA and that they had a reasonable basis, both objectively and subjectively, to believe that their actions were appropriate and lawful. Accordingly, Plaintiff's entitlement to liquidated damages was not assured.

9. Counsel for the Parties negotiated attorneys' fees and costs entirely separate from and without regard to the Settlement Amount payments to be paid by Defendants to Plaintiff. Specifically, no demand or offer for fees and costs was made until

Page 3 of 5
Tony Brooks, et al. v. Hamilton Point Property Management, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-913-BRW
**Joint Motion for Approval of Settlement and to Dismiss with Prejudice**

after the Parties negotiated an amount for the underlying settlement. Therefore, under controlling law, the Court is not required to approve the attorneys' fee payment, and the Parties do not seek approval of this payment. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (finding that 29 U.S.C. § 216 does not require approval of settled attorneys' fees). To display the separateness of negotiations, a copy of the email negotiations which took place between counsel for the Parties is attached hereto as Exhibit 3.

WHEREFORE, the Parties respectfully request that the Court approve their executed Settlement Agreement and Release of Claims and dismiss this lawsuit with prejudice.

**Page 4 of 5**
**Tony Brooks, et al. v. Hamilton Point Property Management, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-913-BRW**
**Joint Motion for Approval of Settlement and to Dismiss with Prejudice**

Respectfully submitted,

**TONY BROOKS, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**   **HAMILTON POINT PROPERTY MANAGEMENT, LLC, and HAMILTON POINT INVESTMENTS, LLC**, **DEFENDANTS**

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
75 N. East Avenue
Fayetteville, Arkansas 72701
Telephone: (479) 973-5253
Facsimile: (479) 973-0520
320 South Boston Avenue, Suite 400
Tulsa, Oklahoma 74103
Telephone: (918) 594-0686
Facsimile: (918) 594-0505

*/s/ Keith A. Wilkes*
Keith A. Wilkes
Okla. Bar No. 16750
kwilkes@hallestill.com

Grace Keegan Johnson
Ark. Bar No. 2009203
gjohnson@hallestill.com

Johnathan L. Rogers
Okla. Bar No. 21341
jrogers@hallestill.com

Page 5 of 5
**Tony Brooks, et al. v. Hamilton Point Property Management, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-913-BRW**
**Joint Motion for Approval of Settlement and to Dismiss with Prejudice**