# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is voluntarily entered into between Tony Brooks ("Plaintiff") and Hamilton Point Property Management, LLC ("HPPM") and Hamilton Point Investments, LLC ("HPI") ("Defendants"). Plaintiff and Defendants are sometimes referred to individually as "Party" and collectively as "Parties." Plaintiff is represented by Josh Sanford of the Sanford Law Firm, PLLC ("Plaintiff's Counsel")

# RECITALS

The Parties stipulate and agree that:

A. On or about August 7, 2020, Plaintiff filed an Original Complaint (the "Complaint") against Defendants in the United States District Court for the Eastern District of Arkansas ("the Court"), in the civil action styled *Tony Brooks v. Hamilton Point Property Management, LLC, et al.*, No. 4:20-cv-913-BRW (the "Lawsuit").

B. In the Lawsuit, Plaintiff asserts claims against Defendants under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

C. Defendants answered the Complaint, denying liability and affirmatively stating that Defendants complied, at all times, with applicable federal and state laws and regulations, including laws and regulations relating to payment of minimum wage and overtime.

D. Following arms-length settlement negotiations, the Parties reached a voluntary settlement of all claims asserted in the Lawsuit, including, but not limited to, all of Plaintiff's claims for unpaid wages, minimum wages, overtime, liquidated damages, and any other wage-related claim arising under the FLSA, AMWA, or other similar Federal, state, or local wage payment, minimum wage, or overtime statutes, ordinances, rules, regulations, or laws.

E. Following separate, subsequent arms-length settlement negotiations, the Parties reached a voluntary settlement of the attorney fees and costs incurred by Plaintiff and Plaintiff's Counsel in connection with the claims asserted in the Lawsuit.

F. It is the mutual desire of all Parties to fully and completely resolve and conclude the Lawsuit and all claims asserted therein.

G. Plaintiff is and has been represented by Plaintiff's Counsel in the Lawsuit from the filing of the Complaint through the conclusion of the settlement negotiations with Defendants that resulted in this Agreement.

H. Plaintiff's Counsel has conducted a thorough investigation into the facts of the Lawsuit and is of the opinion that the terms of this Agreement and the settlement with Defendants for the consideration and on the terms set forth herein are fair, reasonable, adequate, and in Plaintiff's best interest.

Doc ID: 4cbf89822355f8bc454608e87ca970601b8e45c3

I. Although they deny any liability or wrongdoing in connection with the claims asserted in the Lawsuit; deny that Plaintiff is entitled to additional wages, compensation, or any other relief in connection with the Lawsuit; and deny that Plaintiff is entitled to recover any attorney fees or costs incurred in connection with the claims asserted in the Lawsuit, Defendants nevertheless agree that the terms of the Parties' settlement as stated herein are fair and reasonable.

J. To avoid the delays, costs and uncertainty of litigation, the Parties desire to compromise and settle the Lawsuit, intending that the full terms and conditions of the compromise and settlement be set forth in this Agreement.

## **GENERAL TERMS AND CONDITIONS**

Therefore, in consideration of the foregoing Recitals and the mutual promises, conditions, terms, and considerations contained in this Agreement, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree to the following terms, each of which is a material and express condition of this Agreement:

1. **Liability Settlement Payment**. Defendants agree to pay the total sum of Six Thousand Dollars and Zero Cents ($6,000.00) in full and final settlement of all claims brought in the Lawsuit and/or that relate to or reasonably could have arisen out of the same facts and circumstances alleged in the Lawsuit (the "Liability Settlement Payment"). Defendants deny liability for Plaintiff's claimed damages, but Defendants agree that the Liability Settlement Payment represents a reasonable estimate of Defendants' potential liability to Plaintiff if Plaintiff were to prevail in a trial of the Lawsuit. Defendants will pay the Liability Settlement Payment to Plaintiff within fourteen (14) days of the Effective Date of this Agreement by delivering the Liability Settlement Payment to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211. Plaintiff's Counsel shall be solely responsible for distributing the Liability Settlement Payment to Plaintiff. The Settlement Payment will be deemed disputed non-wage income, and the Liability Settlement Payment will be reported via an IRS Form 1099 issued to Plaintiff.

2. **Employment**. Plaintiff voluntarily resigned from employment with Defendants.

3. **Taxes.** Plaintiff agrees that, should any Federal, state, or local government or agency thereof assess any taxes, penalties, or interest against Defendants (or pursue any claims against Defendants) as a result of the failure of Defendants to make withholdings from or to make any payments to any Federal, state, or local government or agency thereof in connection with the Liability Settlement Payment to Plaintiff, Plaintiff will be solely responsible for any taxes, penalties, or interest, if any, which Defendants may owe to any Federal, state, or local government or agency thereof as a result of the Liability Settlement Payment to Plaintiff, and Plaintiff agrees to indemnify, defend, and hold Defendants harmless for any such taxes, penalties, or interest, and from any claims by any Federal, state, or local

government or agency thereof arising from the Liability Settlement Payment to Plaintiff.

4. **Release.** In consideration of the payment of the Liability Settlement Payment, together with other good and valuable consideration, the receipt and sufficiency of which is hereby agreed and acknowledged, Plaintiff, on behalf of himself and his heirs, agents, representatives, insurers, assigns, and designees, hereby knowingly, voluntarily, fully, finally, and completely settles, releases, and forever discharges Defendants and their parent companies, subsidiaries, owners, shareholders, members, general partners, limited partners, directors, officers, managers, employees, agents, representatives, insurers, affiliated entities, successors, asset purchasers, assigns, and designees (collectively the "Released Parties") from (a) the Lawsuit, (b) all claims, causes of action, liability, damages, or requests for relief of any kind asserted by Plaintiff in the Lawsuit, and (c) all claims, causes of action, liability, damages, or requests for relief of any kind that Plaintiff could have asserted against the Released Parties under the FLSA, AMWA, or other Federal, state, or local wage payment, minimum wage, or overtime statute, ordinance, rule, regulation, or law that arose or accrued prior to the Effective Date of this Agreement. This release specifically excludes Plaintiff's claims for attorneys' fees and costs incurred in the Lawsuit, which have been separately negotiated by the Parties, and only after an agreement as to an amount for Plaintiffs' damages was reached. The Parties will not seek Court approval of the separately negotiated attorneys' fees and costs.

5. **Motion for Approval and Dismissal with Prejudice**. Within seven (7) days after the execution of this Agreement by the Parties, Plaintiff shall file a Joint Motion for Approval of Settlement, requesting an order from the Court approving the terms of this Agreement and providing for the dismissal of the Lawsuit with prejudice. The Parties shall take any other actions necessary to cause the Lawsuit and all claims asserted therein to be dismissed with prejudice. The Parties agree that this Agreement and the Parties' obligations hereunder are contingent upon the Court's approval of this Agreement.

6. **Full and Final Settlement.** Plaintiff covenants and agrees not to accept, recover, or receive any back wages, liquidated damages, other damages or any other form of relief—except as specifically provided herein—based on any claims asserted the Lawsuit or released under this Agreement, which may arise out of, or in connection with, any other individual, collective, or class litigation, or any administrative remedies pursued by any federal, state, or local government or agency thereof against any of the Released Parties.

7. **No Admissions.** The Parties further agree and acknowledge that nothing in this Agreement, nor the negotiation or execution of this Agreement by Defendants, shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Defendants or the Released Parties. Plaintiff and Defendants have entered into this Agreement in a good faith effort to effect a compromise of a bona fide

Doc ID: 4cbf89822355f8bc454608e87ca970601b8e45c3

dispute over liability for Plaintiff's claims and with the intent of avoiding the expense, inconvenience, and uncertainty of further prosecution of the Lawsuit and Plaintiff's claims.

8. **Modifications**. The Parties may not waive, amend, or modify any provision of this Agreement except by a subsequent written agreement signed by all of the Parties. A waiver or amendment of any provision of this Agreement will not constitute a waiver of any other provision.

9. **Entire Agreement**. This Agreement contains the entire agreement between the Parties with respect to the transactions contemplated in this Agreement, and supersedes all negotiations, presentations, warranties, commitments, offers, contracts, and writings prior to the date of this Agreement relating to the subject matters of this Agreement. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist. This same Agreement cannot be changed or terminated orally.

10. **Arkansas Law**. This Agreement shall be governed, enforced, and interpreted in accordance with the laws of the State of Arkansas. The United States District Court for the Eastern District of Arkansas shall retain jurisdiction over any action in connection with this Agreement or the enforcement of this Agreement.

11. **Severability**. If any provision, term, or condition of this Agreement, or any application thereof, is held by a court of competent jurisdiction to be invalid, void, and/or unenforceable, the remainder of this Agreement shall nevertheless survive and continue in full force and effect notwithstanding the invalidity, voidness, and/or unenforceability of such provision, term, or condition.

12. **Counterparts**. This Agreement may be executed by one or more of the Parties on any number of separate counterparts and delivered electronically, and all of these counterparts taken together shall be deemed to constitute one and the same instrument.

13. **Voluntary and Knowingly**. The Parties acknowledge that each was fully represented by attorneys in the Lawsuit and in the negotiation, drafting, and execution of this Agreement. The Parties have each carefully read this Agreement, know its contents, and fully understand all of the provisions, terms, and conditions of this Agreement, having had their respective attorneys review and advise them of the same. The Parties acknowledges that they have had sufficient time to consider this Agreement prior to execution. This Agreement is not executed in reliance upon any statement or representation not expressly set out in this Agreement. Additionally, the execution of this Agreement has not been the result, in whole or in part, of any duress, coercion, or undue influence by any of the Parties, their attorneys, or other persons. The Parties each knowingly execute this Agreement freely, voluntarily, with full knowledge of its significance.

Doc ID: 4cbf89822355f8bc454608e87ca970601b8e45c3

14. **Authority.** The signatories hereby represent that they possess the authority to execute this Agreement on behalf of the Parties and to bind the Parties to the provisions, terms, and conditions of this Agreement.

15. **Effective Date.** This Agreement shall become effective as of (a) the date on which the last of the Parties executes this Agreement or (b) the date on which the Court approves this Agreement, whichever occurs later.

**[SIGNATURE PAGE TO FOLLOW]**

Doc ID: 4cbf89822355f8bc454608e87ca970601b8e45c3

THIS SETTLEMENT AGREEMENT is AGREED and EXECUTED by the Parties as follows:

**Tony Brooks**

_____
Signature *[signed: Tony B]*

03 / 08 / 2022
Date

**Hamilton Point Property Management, LLC**

_____
Signature *[signed]*

3/8/2022
Date

**Hamilton Point Investments, LLC**

_____
Signature *[signed]*

3/8/2022
Date

Doc ID: 4cbf89822355f8bc454608e87ca970601b8e45c3